## BENDIX AVIATION CORPORATION v. KURY et al.

### Civ. No. 9652.

United States District Court
E. D. New York.

April 21, 1949.

Hughes, Hubbard & Ewing, New York City (Charles C. Tillinghast, Jr., New York City, of counsel), for plaintiff, in opposition.

Bartlett, Eyre, Keel & Weymouth, New York City (Richard Eyre, New York City, of counsel), for defendant Kury.

KENNEDY, District Judge.

This is a motion for summary judgment dismissing the complaint. The action is one for declaratory judgment. The complaint alleges in substance that the plaintiff is a Delaware corporation, and the defendant Kury is a citizen of New York residing in this district.[1]

It is shown by the complaint that the plaintiff manufactures certain devices, that Kury owns an undivided one-half interest in certain letters patent, that there is in existence a license agreement between the plaintiff, Kury, and Brewer, and that plain-tiff is obligated to pay and has paid certain royalties under the terms of that agreement. But it is asserted that the inventors, Kury being one, are in actual controversy with the plaintiff over the question whether the devices enumerated in the complaint are covered by the letters patent. The purpose of the declaratory judgment, it is alleged, is to set this controversy at rest, because the patents are invalid.

Some time ago Kury and Brewer brought suit in the Supreme Court, New York County, against Bendix, the plaintiff here, and its wholly owned subsidiary, Bragg-Kliesrath Corporation, which is not a party to the present action. The gist of the State Supreme Court action was that the defendants there, of whom Bendix was one, had breached a series of agreements to pay royalties. The prayer for relief was that the plaintiff be awarded a judgment in the amount of $27,514.48. Bendix attempted unsuccessfully to remove the state court action. In fact, Bendix, after the filing of its removal petition, consented to a remand, a showing having been made by the plaintiffs in the state court action (Kury and Brewer) that there was not complete diversity of citizenship, in that Bragg-Kliesrath Corporation was and is a New York citizen. Bendix subsequently attempted in the state courts to stay or suspend the suit, but its application was denied.

To summarize the situation: there are pending two suits by these litigants, or some of them. In one (the state court action) the claim is that Bendix has violated its license agreement. In the other (the present suit) Bendix claims that while it is under obligation to pay royalties on some devices, it is free to manufacture others, because the letters patent are invalid as to those devices.

The grounds upon which the defendant Kury seeks summary judgment are carefully stated in his brief. His counsel says:

(1), that even if this court has jurisdiction of the subject matter, a declaratory judgment is "unwarranted", because the actual controversy can be fully determined in the state court;

---

1 The service of process on the defendant Brewer was quashed by a former order of this court.

(2) that the "actual controversy" between the parties cannot be completely or promptly adjudicated in the federal court, since neither Bragg-Kliesrath Corporation nor Brewer is a party to the federal suit;

(3) that this action is not brought in good faith, because the plaintiff has deliberately omitted as a party its wholly owned subsidiary Bragg-Kliesrath Corporation.

█ It can be seen at once that defendant really does not seek a judgment determining the merits, which is the normal outcome of a successful application for summary judgment. What defendant is really urging is that no federal court ought to award a declaratory judgment to the plaintiff, because indispensable parties are lacking, and because the earlier state court action will lead to a complete and speedy determination of the whole controversy. Implicit in this argument is an admission that an actual controversy of some sort exists. It is, therefore, clear that this court has jurisdiction unless there is a hopeless defect of parties. But in February of this year the defendant Kury moved to dismiss the complaint on the specific ground that Bragg-Kliesrath Corporation and Brewer were indispensable parties to the suit. It was also at that time alleged before Judge Abruzzo that the only controversy between the parties "relates to a dispute under the contract", that the statements in the complaint here that the action arises under the patent laws and the antitrust laws of the United States were "obviously unfounded averments". Judge Abruzzo denied the motion, saying that he was "reluctant to dismiss the cause of action before me as I believe it would be better to have a trial on the merits". Judge Abruzzo did say, speaking of the action pending in the New York County, that "there should be a trial of the first cause of action because it was started first and the action has been pending and about to be reached for trial, whereas the action before this Court cannot be reached for some time".

One further bid of procedure history should be touched upon. Just prior to the present motion, I was asked by each party to stay the proceedings of the other. I denied both applications on the theory that there is no valid reason why, if jurisdiction exists in two courts, that parallel actions in personam should not proceed.[2] After the denial of these motions the defendant, as I have said, brought on the present motion.

█ Many technical arguments based upon procedural peculiarities may be raised against the granting of summary judgment. But I do not think the decision should rest on any such ground. No matter how the moving defendants' argument is analyzed, it appears to me that Judge Abruzzo's order is a complete bar to the relief which it seeks before me. The attack on the complaint, because of want of indispensable parties, was unsuccessful, yet that attack is repeated here. The claim that there was no real controversy arising under the patent laws was surely decided adversely to the defendant Kury by Judge Abruzzo's action. The argument made here that only the state court can promptly and completely adjudicate the actual controversy was pressed upon Judge Abruzzo, as his opinion clearly shows.[3] It seems to me that the defendant Kury on this application is in this dilemma: if the motion for summary Judgment is a mere speaking demurrer to the complaint involving no disputed fact, then Judge Abruzzo's opinion concludes him and me. If, on the other hand, there are issues of fact on elementary principle, a motion for summary judgment cannot be granted. I think that the defendant Kury recognizes this fact and is merely seeking to suspend proceedings in the federal court, because the state action was commenced first, and, therefore, should, he thinks, be heard and decided first. But that would mean deny-

---

[2] This I thought would be true even where the suits were identical. It is, of course, here claimed that the suits are *not* identical; in fact, plaintiff Bendix urges that only the federal court has complete jurisdiction of the actual controversy.

[3] Indeed the defendant Kury says in his brief to Judge Abruzzo that "no judgment would be effective that would not bind Brewer".

ing access to this court by a suitor who is entitled to invoke its jurisdiction merely because his adversary was more prompt in bringing another suit elsewhere.

Motion is denied.